IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

HENRY D. HOWARD, EARNEST G.          *
SMITH, GLORIA FRAZIER, THOMAS        *
WALKER, KENNETH MARTIN, MELVIN       *
IVEY, and ALBERT ROBINSON, JR.,      *
                                     *
    Plaintiffs,                      *
                                     *
         v.                          *     CV 114-097
                                     *
AUGUSTA-RICHMOND COUNTY,              *
GEORGIA, COMMISSION; DEKE S.         *
COPENHAVER, in his official          *
capacity as Mayor of Augusta-        *
Richmond County; and LYNN            *
BAILEY, in her official capacity     *
as Executive Director of the         *
Richmond County Board of             *
Elections,                           *
                                     *
    Defendants.                      *

O R D E R

Presently pending before the Court are Plaintiffs' motions for preliminary injunction and appointment of a three-judge court, and Defendants' motion to dismiss. (Doc. nos. 4, 8, 17.) For the reasons set forth below, Defendants' motion is **GRANTED**, Plaintiffs' motion for appointment of a three-judge court is **DENIED** and Plaintiffs' motion for preliminary injunction is **DENIED AS MOOT**.

I. BACKGROUND

Plaintiffs filed suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1973j to enforce rights under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. Plaintiffs seek to enjoin Defendants Augusta-Richmond County, Georgia, Commission ("County Commission"), Deke S. Copenhaver, in his official capacity as Mayor of Augusta-

Richmond County, and Lynn Bailey, in her official capacity as Executive Director of the Richmond County Board of Elections (collectively, "Defendants"), from holding elections for Mayor and the County Commission on May 20, 2014.

Plaintiffs are African-American residents and registered voters of Richmond County, Georgia, eligible to vote in elections for Mayor and the County Commission. (Compl. ¶ 9.) The County Commission consists of ten members, eight of whom are elected from single-member districts (Districts 1-8), and two of whom are elected from super districts (Districts 9 and 10). (Id. ¶ 15.) Each of the super districts consists of approximately one-half of the county population. (Id.) The Mayor is elected at-large. (Id.) Elections for the County Commission and Mayor are nonpartisan, and the terms of office are four years. (Id. ¶ 16.) Because the terms of office for the County Commission are staggered, the May 20, 2014 elections are for Districts 2, 4, 6, 8, and 10, and for Mayor. (Id. ¶ 16.) Plaintiffs Howard and Walker are residents of District 2 and Plaintiffs Ivey and Robinson are residents of District 4. (Id. ¶ 9.)

In 2011, the Georgia General Assembly amended O.C.G.A. § 21-2-139(a) to provide for the moving of all federal, state, and county nonpartisan elections to the date of the general primary. (Id. ¶ 17.) However, this amendment permitted municipalities to follow their charter provisions regarding election dates. (Id.) Augusta-Richmond County is a consolidated government and determined that under its charter it was more appropriate to follow the municipal election rules. (Id.) Thus, it held the 2012 elections at the time of the November general election, and not at the time of the primary. (Id.)

In 2012, the General Assembly enacted Act No. 719, which amended O.C.G.A. § 21-2-139(a) to provide that all consolidated governments holding nonpartisan elections should be treated as counties for election purposes, so that elections would be held in conjunction with the state primaries. (Id. ¶ 18.) This resulted in changing the 2014 elections for the County Commission and Mayor from November to July. (Id.) At the time, Augusta-Richmond County was the only consolidated government in Georgia to elect nonpartisan offices in November. (Id.) Georgia submitted Act No. 719 to the Department of Justice ("DOJ") for preclearance under Section 5 of the Voting Rights Act. (Id. ¶ 19.) Citing statistics showing minorities are less likely to vote in July than in November, the DOJ entered an objection on December 21, 2012. (Id.) Georgia did not seek judicial preclearance of Act No. 719 at that time. (Id.)

On June 25, 2013, the United States Supreme Court decided Shelby County, Ala. v. Holder, 133 S. Ct. 2612 (2013). The Georgia General Assembly then adopted Act No. 343, moving the statewide primary and nonpartisan elections from July to May. (Compl. ¶ 23.) Subsequently, qualifying for the May 20, 2014 election was held on March 3-7, 2014, pursuant to O.C.G.A. § 21-2-132(c). (Doc. no. 17, Ex. 1 at 2.) Nineteen candidates qualified for the five County Commission seats and Mayor's race. (Id.) Absentee voting began on April 4, 2014. (Id. at 3.)

On April 18, 2014, forty-two days following the close of qualifying and two weeks following the commencement of absentee voting, Plaintiffs filed their Complaint to enjoin the May 20, 2014 elections. (Doc. no. 1.) A few days later on April 21, 2014,

3

Plaintiffs filed their motion for appointment of a three-judge court. (Doc. no. 4.) On April 22, 2014, the Court entered an Order setting an expedited briefing schedule. (Doc. no. 7.) That same day, Plaintiffs filed their motion for preliminary injunction. (Doc. no. 8.) Defendants timely filed their motion to dismiss (doc. no. 17), and their responses in opposition to Plaintiffs' motions for appointment of a three-judge court (doc. no. 18) and preliminary injunction (doc. no. 19) on April 30, 2014. Plaintiffs filed their reply brief in support of their request for appointment of a three-judge court on May 5, 2014. (Doc. no. 20.) Subsequently, Plaintiffs untimely filed their response in opposition to Defendants' motion to dismiss on May 7, 2014 (doc. no. 22), and their reply in support of their motion for preliminary injunction on May 12, 2014 (doc. no. 23), which the Court has nevertheless considered. Having been fully briefed, the pending motions are ready for adjudication. The Court will address Defendants' motion to dismiss prior to Plaintiffs' motions for appointment of a three-judge court and preliminary injunction.

## II. MOTION TO DISMISS

Defendants seek dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] Specifically, Defendants argue that Shelby County applies retroactively, and therefore, the DOJ objection is unenforceable as Georgia is no longer a covered jurisdiction subject to Section 5 preclearance requirements. In response,

---

[1] Defendants also argued that dismissal was appropriate under Fed. R. Civ. P. 12(b)(7). The Court, however, need not reach that question as it finds dismissal warranted under Fed. R. Civ. P. 12(b)(6).

4

Plaintiffs contend that Shelby County operates only prospectively. Therefore, under Plaintiffs' reasoning, the DOJ objection continues to prevent Defendants from holding the May 20, 2014 election.

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Analysis

Plaintiffs challenge Act No. 719 exclusively under Section 5 of the Voting Rights Act. (Compl. ¶¶ 1, 32.) Section 5 prevents certain "covered" jurisdictions from implementing any change to voting practices or procedures unless and until the jurisdiction obtains preclearance by demonstrating to either the United States District Court for the District of Columbia or the Attorney General that the change "neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color." 42. U.S.C. § 1973c(a). Section 4(b) of the Voting Rights Act establishes the formula by which the United States District Court for the District of Columbia or the Attorney General determines which jurisdictions are subject to Section 5's preclearance requirements. Until the Supreme Court decided Shelby County in 2013, Georgia was identified as a "covered" jurisdiction under Section 4(b).

5

On June 25, 2013, the Supreme Court issued its opinion declaring that Section 4(b)'s coverage formula is unconstitutional. Shelby County, 133 S. Ct. at 2631. Acknowledging the extraordinary nature of the Voting Rights Act, the Court explained that the coverage formula "must identify those jurisdictions to be singled out on a basis that makes sense in light of current conditions." Id. at 2629. Because Congress did not update the coverage formula when it reauthorized the Voting Rights Act in 2006, the Court held that the formula could "no longer be used as a basis for subjecting jurisdictions to preclearance." Id. at 2631. Although the Court made clear that it "issue[d] no holding on Section 5 itself," the Voting Rights Act no longer has a constitutional formula by which federal authorities may determine which jurisdictions are subject to preclearance under Section 5. Id. Thus, under Shelby County, no state is currently subject to the federal preclearance requirement. See also id. at 2633 n. 1 (Ginsburg, J., dissenting) ("without [Section 4(b)'s coverage] formula, Section 5 is immobilized"); id. at 2632 (Thomas, J., concurring) (the majority's holding leaves the "inevitable conclusion [that Section 5 is unconstitutional] unstated").

Despite the Supreme Court's clear holding, Plaintiffs argue that the DOJ's 2012 objection prevents Georgia from holding the May 20, 2014 election. This argument is implausible. Shelby County found that Congress' reauthorization of the Voting Rights Act in 2006 was constitutionally infirm. Plaintiffs have not demonstrated how the 2012 DOJ objection, entered under the unconstitutional strictures of Section 4(b), escapes malady. Indeed, Shelby County held that Section 4(b) was facially unconstitutional. See id. at 2621-22, 2629-30.

6

Thus, the coverage formula "is unconstitutional in all its applications," including when the State submitted Act No. 719 for preclearance in 2012. Id. at 2630. In the absence of this formula, Georgia is not a "covered" jurisdiction subject to the preclearance requirements of Section 5 and thus need not obtain preclearance for Act No. 719. Consequently, the 2012 DOJ objection is inescapably unenforceable under Section 5.

This conclusion is supported by the application of Harper v. Va. Dep't of Taxation, 509 U.S. 86 (1993). Harper held:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

Id. at 97. Plaintiffs argue that Shelby County should not be applied retroactively because the 2012 DOJ objection was not the subject of a case open on direct review in 2013. Plaintiffs, however, ignore the structure of Section 5. "Covered" jurisdictions may enforce a voting change only after obtaining either administrative or judicial preclearance. See 42 U.S.C. § 1973c(a). Any determination by the Attorney General to object to a particular change has no effect on a jurisdiction's right to bring a declaratory judgment action seeking preclearance of the same change. See 28 C.F.R. § 51.11. Further, there is no deadline to seek judicial preclearance under Section 5. See 42 U.S.C. § 1973c(a). Consequently, whether Georgia could enforce Act No. 719 remained an open question when Shelby County was decided because Georgia was free to file an action seeking judicial preclearance in the District Court for the District of Columbia. Under Harper, Shelby County applies retroactively and eliminates

7

Georgia's need to obtain preclearance to hold the May 20, 2014 elections.

In addition, Plaintiffs fail to cite to a single case decided after Shelby County requiring a state to obtain preclearance. In fact, to the Court's knowledge, all other courts to date that have faced this question have reached the same conclusion: Shelby County removed any requirements that previously "covered" jurisdictions seek preclearance before enforcing voting changes. See Hall v. Louisiana, No. 12-00657-BAJ-RLB, 2013 WL 5405656, at *6 (M.D. La. Sept. 27, 2013) (holding that Shelby County applied retroactively to nullify all of the plaintiff's claims, even those for failure to preclear actions *prior* to the 2006 reauthorization);[2] Bird v. Sumter Cnty Bd. of Educ., No. 1:12-CV-76, 2013 WL 5797653, at *3 (M.D. Ga. Oct. 28, 2013) (holding that after Shelby County, "[t]he issue of preclearance is no longer extant"). The early returns do not appear to support Plaintiffs' position.

In sum, Shelby County is dispositive of Plaintiffs' claim. Georgia is no longer a "covered" jurisdiction subject to the preclearance requirements of Section 5. Consequently, the 2012 DOJ objection is unenforceable. Because Plaintiffs cannot state a cognizable claim for relief under Section 5, Defendants' motion to dismiss is **GRANTED**. As discussed in the following section, the Court has the authority to dismiss this action without assembling a three-judge court.

---

[2] Unlike Plaintiffs here, the plaintiff in Hall conceded that his Section 5 claims based on actions that occurred after reauthorization of the Voting Rights Act in 2006 were a nullity. Id. at *5.

8

### III. APPOINTMENT OF A THREE-JUDGE COURT

Plaintiffs move for the appointment of a three-judge court. (Doc. no. 4.) According to Section 5, "[a]ny action under this section shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28." 42 U.S.C. § 1973c(a). "Upon the filing of a request for three judges, the judge to whom the request is presented shall, *unless he determines that three judges are not required*, immediately notify the chief judge of the circuit, who shall designate two other judges[.]" 28 U.S.C. § 2284(b)(1) (emphasis added). Thus, "the single-judge district court to whom the request for a three-judge court is made has the authority to determine if a three-judge court is required." United States v. Saint Landry Parish Sch. Bd., 601 F.2d 859, 863 (5th Cir. 1979).[3]

A three-judge court is not required if the plaintiff's claim is constitutionally insubstantial or without merit. See Bailey v. Patterson, 369 U.S. 31, 33 (1962); Goosby v. Osser, 409 U.S. 512, 518 (1973); LaRouche v. Fowler, 152 F.3d 974, 982 (D.C. Cir. 1998); Saint Landry Parish Sch. Bd., 601 F.2d at 863; see also Woodard v. Mayor and City Council of Lumber City, Ga., 676 F. Supp. 255, 256 (S.D. Ga. 1987) ("where the constitutional issue presented is patently frivolous or insubstantial, it is not necessary to undergo the delay and expense of convening such a court"). "'Constitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit[.]'" Goosby, 409 U.S. at 518 (internal

---

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

9

citations and punctuation omitted). Thus, "[a] claim is insubstantial only if its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." Id. (internal quotations omitted).

Here, Plaintiffs' Section 5 claim is constitutionally insubstantial and without merit. As discussed above, Shelby County held that Section 4(b)'s coverage formula was unconstitutional. 133 S. Ct. at 2631. Without this formula, Georgia is no longer a covered jurisdiction subject to the preclearance strictures of Section 5 and the DOJ's objection is unenforceable. The Supreme Court's decision in Shelby County clearly and unquestionably forecloses Plaintiffs' requested relief, rendering Plaintiffs' claims constitutionally insubstantial and without merit. Accordingly, a three-judge court is not required under § 2284 and Plaintiffs' motion (doc. no. 4) is **DENIED**.

## IV. CONCLUSION

Accordingly, Defendants' motion to dismiss (doc. no. 17) is **GRANTED**. Plaintiffs' motion for appointment of a three-judge court (doc. no. 4) is **DENIED** and motion for preliminary injunction (doc. no. 8) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to terminate all deadlines and motions, and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of May, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA