# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 DEC 23 PM 4: 17

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| HENRY D. HOWARD, EARNEST G. SMITH, GLORIA FRAZIER, THOMAS WALKER, KENNETH MARTIN, MELVIN IVEY, and ALBERT ROBINSON, JR., | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 114-097 |
| AUGUSTA-RICHMOND COUNTY, GEORGIA, COMMISSION; DEKE S. COPENHAVER, in his official capacity as Mayor of Augusta-Richmond County; and LYNN BAILEY, in her official capacity as Executive Director of the Richmond County Board of Elections, | * * * * * * * * * * | |
| Defendants. | * * | |

## O R D E R

Presently before the Court is Plaintiffs' motion to stay this Court's Order and Judgment granting Defendants reasonable attorneys' fees (doc. 38). Plaintiffs initially brought this action seeking enforcement of rights under Section 5 of the Voting Rights Act of 1965. Specifically, Plaintiffs sought to enjoin Defendants from holding elections for Mayor and the County Commission on May 20, 2014. This Court granted Defendants' motion to dismiss, denied Plaintiffs' motion for appointment of a three-judge court, and denied as moot Plaintiffs' motion for a preliminary injunction (doc. 24).

Defendants then filed a motion for reasonable attorneys' fees, which this Court granted in the amount of $15,975.00 (docs. 26, 35). Plaintiffs have appealed the Court's Order and Judgment granting attorneys' fees (docs. 35-37) and now move this Court to stay enforcement of the Order and Judgment (doc. 38) pending resolution of the appeal. Defendants do not oppose the motion to stay (doc. 41).

"Federal Rule of Appellate Procedure 8 permits a party to apply to the district court for a stay of the judgment or order of a district court pending appeal." W. Sur. Co. v. Mooney Constr., Inc., No. 1:12-cv-1309, 2013 WL 6048721, at *1 (N.D. Ga. Nov. 14, 2013) (quoting FED. R. APP. P. 8(a)(1)(A)). Pursuant to Federal Rule of Civil Procedure 62, an appellant may obtain a stay of the district court's Order and Judgment pending appeal by posting a supersedeas bond. FED. R. CIV. P. 62(d). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Allen v. Baptist Village, Inc., No. 5:05-cv-51, 2007 WL 1430314, at *1 (S.D. Ga. May 14, 2007) (internal quotation marks omitted).

Notwithstanding the requirement to post bond, the Court may, in its discretion, "depart from the general rule and allow the stay of execution without the posting of such a bond." Id. "The Court's 'power to waive the requirement of a supersedeas bond has been exercised only in extraordinary circumstances and

only where alternative means of securing the [non-movant's] interest were available.'" W. Sur. Co., 2013 WL 6048721, at *2 (quoting Tara Prods., Inc. v. Hollywood Gadgets, Inc., No. 09-61436-CIV, 2011 WL 4020855, at *2 (S.D. Fla. Sept. 9, 2011)) (alterations omitted). "If a court chooses to depart from the usual requirement of a full security supersedes bond . . . it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).[1] Thus, where the movant

> demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the [movant's] present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the [movant's] financial dealing, which would furnish equal protection to the [non-moving party].

Id. Here, Plaintiffs have not submitted any evidence in any form to persuade the Court that deviation from the standard bond requirement is appropriate. Indeed, their motion simply requests a stay of the Order and Judgment without reference to a supersedeas bond or Rule 62.

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

Thus, to the extent Plaintiffs request departure from the full supersedeas bond requirement, such a request is **DENIED WITHOUT PREJUDICE**.[2]  Nonetheless, it is hereby **ORDERED** that Plaintiffs' Motion to Stay Enforcement of the Order and Judgment (doc. 38) is **GRANTED** conditioned upon Plaintiffs first posting a supersedeas bond, pursuant to Rule 62(d) and in accordance with Local Rule 67.1, in the amount of $15,975.00.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of December, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]    Should Plaintiffs wish to submit evidence as to why the Court should waive the supersedeas bond requirement, they are hereby **ORDERED** to do so within **FOURTEEN (14) DAYS** of this Order.